**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**KATHERINE TAVAREZ and ROBERT BATISTA**
**CAMPUSANO,**

Plaintiffs,

**21 CV 244**

-against-

<u>**COMPLAINT**</u>

**THE UNITED STATES OF AMERICA, THE DRUG**
**ENFORCEMENT ADMINISTRATION (DEA) OF THE**
**DEPARTMENT OF JUSTICE OF THE UNITED STATES**
**OF AMERICA, and DEA AGENTS JOHN DOES 1-10 IN**
**THEIR INDIVIDUAL CAPACITIES,**

<u>**JURY TRIAL DEMANDED**</u>

Defendants.

-------------------------------------------------------------------------X

      **KATHERINE TAVAREZ and ROBERT BATISTA CAMPUSANO,** by their attorney,

Joel Berger, Esq., allege upon information and belief as follows:

***NATURE OF THE ACTION***

      1.    This is an action to recover money damages arising out of defendants' gross

negligence and violation of plaintiffs' rights under the Constitution and laws of the United States,

including an illegal "wrong door" entry into and search of plaintiffs' dwelling by heavily armed

agents of the Drug Enforcement Administration (DEA) of the Department of Justice of the United

States of America.  The DEA agents were seeking to apprehend someone in a different apartment on

plaintiffs' floor, Apartment 2G, and instead entered plaintiffs' Apartment, # 2E, a unit nowhere near #

2G and on a different side of the hallway, even though all apartments on the floor are clearly marked

and the agents already knew that the individual they were seeking to arrest lived in Apartment 2G.

***JURISDICTION AND VENUE***

      2.    This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Ch. 171, §§

2671 et seq., and the Fourth Amendment to the Constitution of the United States, enforceable under

*Bivens v Six Unknown Named Agents*, 403 U.S. 388 (1971),

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1346 (a) (2) and (b) (1)

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (2) and (e) (1), in that the acts and omissions giving rise to plaintiffs' complaint occurred within this District.

## *FEDERAL TORTS CLAIMS ACT PREREQUISITES*

5.     Plaintiffs have met the statutory prerequisites (28 U.S.C. Secs. 2675 (a) and 2401) for filing a lawsuit under the Federal Torts Claims Act.

6.     Timely Notices of Claim dated July 2, 2020, one on behalf of each plaintiff, were duly served upon DEA and its parent agency, the United States Department of Justice, and were received on July 6, 2020.  Copies of the Notices are annexed to this Complaint as Exhibits A and B.

7.     At least six months have elapsed since service of the Notices of Claim, and the defendant agency has not made a final disposition of the Claim.

8.     This action is being commenced within six years after the happening of the events up which the Claims are based.

## *JURY DEMAND*

9.     Plaintiffs demand trial by jury in this action on their *Bivens* claims.

## *PARTIES*

10.     Plaintiff **KATHERINE TAVAREZ** is citizen of the United States.

11.     Plaintiff **ROBERT BATISTA CAMPUSANO** is a citizen of the United States.

12.     Plaintiff Campusano is plaintiff Tavarez's fiancée.

13.     Plaintiff Campusano is an officer of the New York City Police Department (Shield

8635) who at all relevant times herein was assigned to Police Area 8, a public housing unit.

14.     Plaintiff Tavarez is the mother of three young children, ages 2, 7 and 9.

15.     Plaintiffs Tavarez and Campusano live together with the three children at 2103 Vyse Avenue, Apartment 2E, Bronx, New York 10460.

16.     Defendant United States of America operates certain law enforcement agencies of the federal government, including the Department of Justice and the Drug Enforcement Administration (DEA), an agency of the Department of Justice.

17.     At all times relevant herein, individual defendants John Does 1-10 were DEA Agents or other employees of the Department of Justice and the United States of America.

18.     At all times relevant herein, defendants John Does 1-10 were agents, servants and employees of DEA, the Department of Justice, and the United States of America. They are being sued in their individual capacities.

19.     At all times relevant herein, all defendants were acting under color of federal law.

## FACTS

20.     In the pre-dawn hours of Wednesday, March 18, 2020, at approximately 6:25 A.M., numerous DEA agents banged loudly on the door of plaintiffs' dwelling, 2103 Vyse Avenue, Apartment 2E, Bronx, New York 10460.and demanded entry.

21.     The DEA agents were dressed in tactical riot gear, including helmets and visors.

22.     The DEA agents all had firearms, and some or all had assault rifles.

23.     Plaintiff Campusano was ready to go to his place of work as a NYPD officer, and was wearing his duty firearm on his hip.

24.     When plaintiff Campusano opened the door and identified himself as a police officer,

3

the DEA agents immediately pulled him into the hallway, confiscated his firearm and unloaded it.

25.     Plaintiff Campusano objected that he is a police officer and that his fiancée and three children were in the apartment.

26.     Nonetheless, seven or more DEA agents entered the apartment with firearms drawn.

27.     Plaintiff Tavarez, awakened by the loud banging and wearing only a nightgown, was confronted by the DEA agents pointing firearms at her including an assault rifle.

28.     One of the DEA agents ordered plaintiff Tavarez to get down on the floor and lie on her stomach.

29.     As Ms. Tavarez lay on the floor, a DEA agent handcuffed her and then ordered her to "sit on [her] ass."

30.     When she could not get up while handcuffed, a DEA agent pulled her up onto her feet from the floor.

31.     While Ms. Tavarez was handcuffed in her nightgown and NYPD Officer Campusano was being detained in the hallway, two of the DEA agents went further into the apartment and searched the bedrooms where the three children were sleeping.

32.     Shortly thereafter plaintiffs heard one of the DEA agents ask "what apartment is this."

33.     Upon being told by NYPD Officer Campusano that they were in Apartment 2E, one of the DEA agents admitted that the target of the operation was Apartment 2G, which is on the opposite side of the hallway and nowhere near Apartment 2E.

34.     All of the apartments on the 2nd floor of 2103 Vyse Avenue are clearly marked with the correct apartment number.

35.     At approximately 6:35 P.M. the DEA agents unhandcuffed Ms. Tavarez, returned

4

Officer Campusano's firearm, and left plaintiffs' dwelling.

36.     The DEA agents never apologized to Ms. Tavarez or Officer Campusano, or offered any explanation as to why they had invaded the wrong apartment.

37.     Moments later plaintiffs observed the DEA agents bursting into the correct apartment, unit 2G.

38.     According to Ms. Mercedes Diaz, resident of apartment 2 H at 2103 Vyse Avenue, DEA agents knocked on her door at approximately 5 A.M. on March 18, 2020, showed her a photo of a woman they were looking for, and asked where the woman lived.

39.     Ms. Diaz advised the DEA agents that the woman they were targeting lived next door to her in Apartment 2G and she even pointed to the target's door -- which is not only next to her door but also nowhere near plaintiffs' Apartment 2E, which on the other side of the hallway from Apartment 2G.

40.     Photographs depicting the clear markings on the doors of Apartments 2H, 2G and 2E, and establishing that Apartment 2G is immediately next door to Ms. Diaz's Apartment 2H, are annexed as Exhibit C.

41.     A photograph depicting the layout of the 2nd floor hallway at 2103 Vyse Avenue, establishing that Apartment 2E is on the other side of the hallway and nowhere near Apartment 2G, is annexed as Exhibit D.

42.     Plaintiff Tavarez suffered severe emotional harm from the DEA agents' unwarranted and inexplicable invasion of her privacy – pointing firearms at Ms. Tavarez, forcing her to get on the floor, and handcuffing her in her nightgown while going deeper into the apartment where her three children were sleeping.

43.     Plaintiff Campusano also suffered severe emotional harm, worrying for the safety of his wife and the children and realizing that he had narrowly averted a tragedy by identifying himself as an armed police officer and allowing the DEA agents to confiscate and unload his firearm.

## *FIRST CLAIM FOR RELIEF*

44.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-43.

45.     The United States of America is liable to plaintiffs for the acts and omissions complained of herein, gross negligence of agents, servants and employees of the Drug Enforcement Administration (DEA) and the Department of Justice, pursuant to the Federal Tort Claims Act, 28 U.S.C. Ch. 171, §§ 2671 et seq.

## *SECOND CLAIM FOR RELIEF*

46.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-43 and 45.

47.     The acts and omissions of the individual defendants complained of herein violated plaintiffs' rights guaranteed the Fourth Amendment to the Constitution of the United States, enforceable by means of an action in this Court pursuant to *Bivens v Six Unknown Named Agents*, 403 U.S. 388 (1971.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs respectfully requests judgment against defendants as follows:

(a)     Compensatory damages in the amount of Five Million Dollars ($5,000,000) to each plaintiff;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Such reasonable attorneys' fees and costs as are appropriate pursuant to applicable law; and

(d)    Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          January 12, 2021

/s/ Joel Berger

**JOEL BERGER**
675 Third Avenue, 8th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFFS**

7